J-S05033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES LEONARD HAKES, | : | |
| | : | |
| Appellant | : | No. 1575 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 29, 2019
in the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000848-2018

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: OCTOBER 14, 2021**

This case returns to us following remand from the Pennsylvania Supreme Court.  Specifically, our Supreme Court granted the Petition for allowance of appeal filed by the Commonwealth of Pennsylvania; vacated our prior Order reversing Charles Leonard Hakes's ("Hakes") conviction, vacating his judgment of sentence, and discharging Hakes; and remanded the case to us for reconsideration in light of the Supreme Court's recent decision in ***Commonwealth v. Baker-Myers***, 2021 WL 3073152 (Pa. 2021).  Following careful review, we reverse Hakes's conviction, vacate the judgment of sentence, and discharge Hakes.

Hakes was arrested and charged with multiple counts of involuntary deviate sexual intercourse ("IDSI") with a child, aggravated indecent assault of a child, and corruption of minors, graded as a felony of the third degree

("COM – Felony"),[1, 2] following allegations of sexual abuse made by his granddaughter.

On April 2, 2019, a jury found Hakes guilty of one count of COM – Felony, and not guilty of all counts of IDSI and aggravated indecent assault of a child. The trial court subsequently sentenced Hakes to a term of 11½ to 23 months in prison, followed by 37 months of probation. The trial court also ordered Hakes to pay a $500 fine.

On direct appeal, this Court reversed Hakes's conviction, vacated the judgment of sentence, and directed Hakes to be discharged. ***See Commonwealth v. Hakes***, 236 A.3d 1114 (Pa. Super. 2020) (unpublished memorandum). Specifically, we relied on this Court's *en banc* decision in ***Commonwealth v. Baker-Myers***, 210 A.3d 1093, 1096 (Pa. Super. 2019), ***appeal granted***, 221 A.3d 182 (Pa. 2019), wherein this Court concluded that, because the defendant had been acquitted of all Chapter 31 sexual offenses,

_____

[1] ***See*** 18 Pa.C.S.A. §§ 3123(b), 3125(b), 6301(a)(1)(ii).

[2] The Crimes Code defines the offense of COM – Felony, in relevant part, as follows:

> Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

the Commonwealth failed to establish every essential element of COM – Felony. Based upon the reasoning set forth in this Court's decision in **Baker-Myers**, we concluded that, because "[t]he jury acquitted Hakes of all Chapter 31 sexual offenses[,] … the Commonwealth failed to establish, beyond a reasonable doubt, an essential element of COM – Felony." **Hakes**, 236 A.3d 1114 (unpublished memorandum at 6).

On May 15, 2020, the Commonwealth filed a Petition for allowance of appeal with the Pennsylvania Supreme Court. Because allowance of appeal had already been granted in **Baker-Myers**,[3] the Supreme Court held the Commonwealth's Petition pending its disposition in **Baker-Myers**. Our Supreme Court issued its decision in **Baker-Myers**, 2021 WL 3073152, on July 21, 2021. Subsequently, on August 31, 2021, our Supreme Court granted the Commonwealth's Petition for allowance of appeal, vacated this Court's prior Order, and remanded to this Court for reconsideration in light of **Baker-**

_____

[3] The Supreme Court granted allowance of appeal as to the following issues:

> (1) Whether the Superior Court of Pennsylvania, citing the case of **Commonwealth v. Magliocco**, … 883 A.2d 479 (Pa. 2005), properly held the language "in violation of Chapter 31" is an essential element necessary for a conviction of [COM – Felony?]

> (2) Whether the evidence was sufficient for a conviction of [COM – Felony] despite the jury's acquittal of rape, sexual assault, aggravated indecent assault and indecent assault[?]

**Baker-Myers**, 221 A.3d 182 (brackets and some capitalization omitted).

***Myers***, 2021 WL 3073152.  Accordingly, we now address the merits of Hakes's claims.

Hakes argues that the evidence was insufficient to support his conviction of COM – Felony, because the jury found him not guilty of each of the predicate Chapter 31 sexual offenses for which he was charged.  ***See*** Brief for Appellant at 9-13.

Where the elements of a charged crime require that the Commonwealth prove a predicate offense, an acquittal on the predicate offenses presents a challenge to the sufficiency of the evidence.  ***See Baker-Myers***, 2021 WL 3073152, at **4-6.

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Talbert***, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted).

In ***Baker-Myers***, our Supreme Court examined the statutory language of section 6301(a)(1)(ii). ***See Baker-Myers***, 2021 WL 3073152, at *7. The Court concluded that the phrase "in violation of Chapter 31," as used in section 6301(a)(1)(ii), "operates to create—as an element of the offense—a requirement that the Commonwealth prove beyond a reasonable doubt that the accused engaged in a course of conduct involving a breach of some law or laws contained in Chapter 31 of the Crimes Code." ***Id.***; ***see also id.*** at *8 (concluding that the language of section 6301(a)(1)(ii) creates an essential element of a COM – Felony offense). Further, the ***Baker-Myers*** Court stated the following:

> Although the Commonwealth is not required to formally charge or secure a conviction for a predicate Chapter 31 offense, where … a jury is specifically instructed on the predicate offense or offenses pertaining to the corruption of minors charge, and the jury then renders an acquittal on all such predicates, a conviction for [COM – Felony] cannot stand. In reaching this conclusion, we do not disturb the longstanding principle permitting inconsistent verdicts or its corollary that factual findings may not be inferred from a jury's acquittal. Instead, we simply recognize the statute's unusual phrasing has left it vulnerable to "idiosyncratic sufficiency … challenges[.]" … And, as demonstrated, it is "the fact of the jury's acquittal—not any factual inference drawn from the acquittal—and the statutory elements" of the offense that drive this conclusion.

***Baker-Myers***, 2021 WL 3073152, at *8 (citations omitted). Thus, the Supreme Court affirmed this Court's prior *en banc* Order. ***See id.***

Here, the predicate Chapter 31 offenses were IDSI with a child and aggravated indecent assault of a child. The jury acquitted Hakes of both offenses. Because the jury found Hakes not guilty of the charged Chapter 31

offenses, the Commonwealth failed to establish, beyond a reasonable doubt, an essential element of its charge against Hakes for COM – Felony. ***See Baker-Myers***, 2021 WL 3073152, at **7-8. Accordingly, we reverse Hakes's conviction of COM – Felony, vacate the judgment of sentence, and discharge Hakes.[4]

Conviction reversed. Judgment of sentence vacated. Appellant is discharged. Superior Court jurisdiction relinquished.

Judge Kunselman joins the memorandum.

Judge Shogan did not participate in the decision or consideration of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2021

---

[4] Because there are no remaining convictions, we need not remand for resentencing.